[Nos. 3415, 3416. Jan. 3, 1930.]

ROBINSON v. STATE.

BROWN v. SAME.

[287 Pac. 288.]

E. A. Martin, of Gallup, for plaintiffs in error.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

CATRON, J.

These cases involve the commitment by the district court of San Juan County of Ela Robinson and Clara Brown as juvenile delinquents to the "Girls' Welfare Home at Albuquerque, N. M."

Plaintiffs in error and the state contend that the proceedings were under chapter 86 of the Laws of 1919. Section 1 of said act creates a "Girls' Welfare Board." Section 2 gives said board the power to receive, educate, maintain, discipline, control, and parole, with the approval of the court, girls under the age of eighteen years committed to it by the district judges. Section 3 being vital to the cases now before us, we quote it in full:

"The District Courts may, in their discretion commit to the said Board as wards of the court, for terms not exceeding the minority of such girls, girls under the age of eighteen years who have been convicted of felonies less than murder, or of misdemeanors, or who are incorrigible, associate with thieves, or vicious or immoral persons or who are growing up in idleness, or who frequent places of prostitution, or who wander the streets at night without lawful business or occupation, or who habitually use vile, obscene, vulgar, profane or indecent language in public places, or who habitually violate the compulsory school law, or who are guilty of immoral conduct in public places, but nothing herein contained shall affect any of the provisions of Chapters four and eighty-five, Laws of 1917, this act being cumulative thereto."

Plaintiffs in error present several points as grounds for reversal, only one of which is well taken, and is:

"That the plaintiffs in error were deprived of their liberty without due process of law in violation of sec. 18, art. 2 of the Constitution of the State of New Mexico."

The judgments and orders of the court contain the following:

"And it is therefore ordered that the said Ela Robinson (Clara Brown) be and she is hereby declared and made a ward of this court and committed to the care, custody and control of the Girls' Welfare Home at Albuquerque, N. M., until the further order of the court in the premises."

The district court thereby committed the girls to the care and custody of the "Girls' Welfare Home at Albuquerque, N. M.," for an indefinite period, "until the further order of the court in the premises," instead of committing them to the "Girls' Welfare Board," "for terms not exceeding the minority of such girls," as is prescribed by chapter 86, Id. These commitments are unauthorized by law.

In a recent case, State v. Archer, 32 N. M. 319-332, 255 P. 396, we held that the proper procedure in such cases is to remand the cause, with directions to set aside the sentence and resentence in accordance with the law.

It is therefore ordered that both causes be remanded to the district court, with directions to set aside the commitments and recommit in accordance with the law, and it is so ordered.

WATSON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.